IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01764-BNB

JEFFERY M. DAVIS,

    Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 5 2007

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Plaintiff Jeffery M. Davis is a prisoner in the custody of the Colorado Department of Corrections and he is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Davis has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Davis specifically is challenging the authority of the State of Colorado to sentence him to a term of mandatory parole as part of his judgment of conviction and to incarcerate him upon a determination that he violated the conditions of his mandatory parole. As relief Mr. Davis seeks money damages and his immediate release from prison.

The Court must construe the complaint liberally because Mr. Davis is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the complaint and the action.

As noted above, Mr. Davis is challenging the mandatory parole portion of his sentence and his reincarceration for violating the conditions of his mandatory parole. He alleges that he was convicted in 2002 and that he was released from prison in August 2004 on his mandatory release date. Mr. Davis contends that he refused to sign his parole agreement and that, therefore, he was not serving any period of mandatory parole and is not subject to any conditions of mandatory parole. Mr. Davis asserts that he was arrested in Texas in March 2007 on a parole violator warrant, that he was returned to Colorado, that the Colorado Board of Parole held a hearing and determined he had violated the conditions of his mandatory parole, and that his mandatory parole was revoked and he was returned to prison.

To the extent Mr. Davis seeks an immediate release from custody, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). To the extent he is challenging the mandatory parole portion of his original sentence, he must seek habeas corpus relief pursuant to 28 U.S.C. § 2254. To the extent he is challenging the execution of his sentence, including the revocation of his mandatory parole, he must seek habeas corpus relief pursuant to 28 U.S.C. § 2241. In either case, the Court will not consider the merits of any habeas corpus claims in this action because there is no indication that Mr. Davis has exhausted state court remedies

for those claims. *See* 28 U.S.C. § 2254(b)(1); **Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief pursuant to § 2241.)

The only other relief Mr. Davis seeks is an award of money damages. However, Mr. Davis may not recover damages for the claims he is asserting in this action because those claims challenge the validity of the mandatory parole portion of his sentence as well as the revocation of his mandatory parole. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Davis does not allege, and nothing in the Court's file indicates, that he has invalidated the mandatory parole portion of his sentence or the revocation of his mandatory parole. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 4 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01764-BNB

Jeffery M. Davis
Prisoner No. 112889
CMRC/ 2C217C
2925 E. Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/5/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk